**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**



FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

MAY - 9 2018
at 4:31 pm

CLERK

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

vs.                                                        No. CR 13-03696 RB

JENNIFER SANDERS,

        Defendant/Movant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION
## FOR JUDICIAL RECOMMENDATION

THIS MATTER is before the Court on the Pro Se Motion for Judicial Recommendation

filed by Defendant/Movant, Jennifer Sanders, on May 2, 2018. (Doc. 308.) The Court will deny

the Motion as premature.

### THE LAW REGARDING THE SECOND CHANCE ACT

By statute, the Bureau of Prisons ("BOP") is directed to transfer prisoners to a residential

reentry center ("RRC") as they approach the end of their sentences, in an effort to better prepare

the inmates for reentry into the community. 18 U.S.C. § 3624(c); *Ciocchetti v. Wiley*, 358 F.

App'x 20, 22 (10th Cir. 2009). Prior to 2008, the maximum amount of time available for pre-

release residential reentry was six months. *Garza v. Davis*, 596 F.3d 1198, 1202 (10th Cir. 2010).

The Second Chance Act of 2007 increased the maximum time available for pre-release RRC

placement from six months to twelve months. *See* 18 U.S.C § 3624(c)(1).

Section 3624(c) requires that:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a
> prisoner serving a term of imprisonment spends a portion of the final months of
> that term (not to exceed 12 months), under conditions that will afford that prisoner

1

a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). Under the Act, the BOP is required to conduct an individualized assessment of each inmate to determine when the inmate should be placed in an RRC, ensuring that the inmate's time in an RRC is "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *Id.* at § 3624(c)(6)(B)–(C). The Second Chance Act also requires that the BOP consider the five factors listed in § 3621(b) when determining whether and when an inmate is sent to an RRC. *Id.* at § 3624(c)(6)(A). These factors are:

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence—
    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
    (B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

*Id.* at §§ 3621(b), 3624(c)(6)(A). The Second Chance Act, however, does not guarantee a one-year RRC placement, but only directs the BOP to consider placing an inmate in an RRC for *up to* the final twelve months of his or her sentence. *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009) (emphasis added) (citation omitted); *Bun v. Wiley*, 351 F. App'x 267, 268 (10th Cir. 2009).

## ANALYSIS OF DEFENDANT SANDERS'S MOTION

The record does not indicate that Sanders has requested or received a decision of the BOP for RRC placement. Instead, she asks the Court to undertake the § 3624(c) BOP inquiry and make a recommendation to the BOP for twelve months of RRC placement. (Doc. 308 at 2.) At the time of sentencing, the Court may include a statement in the Judgment "recommending a

2

type of penal or correctional facility as appropriate," such as RRC placement. 18 U.S.C. § 3621(b)(4)(B). Judgment was entered on Sander's sentence on March 9, 2016. (Doc. 227.) The Judgment in this case made no recommendations to the Bureau of Prisons. (*See id.*)

BOP regulations permit an inmate to seek a *nunc pro tunc* recommendation from the sentencing court when the judgment is silent as to concurrent service of federal and state court sentences. *See BOP* Program Statement 5160.05(9)(b)(4); *Setser v. United States*, 566 U.S. 231 (2012). However, no comparable BOP regulation authorizes a prisoner to seek a post-sentencing recommendation as to pre-release custody when the original judgment is silent as to RRC placement. To the contrary, a district court may not encroach upon the BOP's authority to decide where the prisoner may be confined during the pre-release period. *See Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 469–70 (10th Cir. 1992); *United States v. Laughlin*, 933 F.2d 786, 789 (9th Cir. 1991).

Sanders's request is premature until the BOP has acted on a Second Chance Act request. 18 U.S.C. § 3624(c); *Ciocchetti*, 358 F. App'x at 22. The Court will deny Sanders's Motion for Judicial Recommendation without prejudice to a habeas corpus petition for judicial review of the BOP's decision on a proper § 3624(c) request.

**IT IS ORDERED** that the Pro Se Motion for Judicial Recommendation filed by Defendant/Movant, Jennifer Sanders on May 2, 2018. (Doc. 308) is **DENIED** without prejudice to a 28 U.S.C. § 2241 petition for review after the BOP has acted on a proper § 3624(c) request.

ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE