IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JENNIFER SANDERS,

    Petitioner,

v.                                                                      No. 19-cv-0676 RB-CG
                                                                               13-cr-3696 RB

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Jennifer Sanders's *pro se* Motion to Reconsider Denial of 28 U.S.C. § 2255 Relief (Motion to Reconsider) (CR Doc. 367; CV Doc. 1).[1] She asks the Court to reconsider its 2017 ruling denying habeas relief, and in particular, the finding that her ineffective assistance of counsel claims were barred by a plea waiver. (Docs. 270; 280–81.) Having considered the matter *sua sponte* under Habeas Corpus Rule 4, the Court determines Sanders raises a second/successive § 2255 claim without prior authorization from the Tenth Circuit. Accordingly, the matter will be dismissed for lack of jurisdiction.

**I.**    **BACKGROUND**

In 2014, Sanders pled guilty to one count of conspiracy to distribute methamphetamine and seven counts of distributing methamphetamine. (Docs. 100 at 2; 227 at 1–2.) As part of the plea agreement, she waived her right to collaterally attack any sentence under § 2255, except on the issue of ineffective assistance of counsel in negotiating the plea. (Doc. 100 at 8.) The Court imposed a 130-month sentence based on several downward departures. (Docs. 221; 227 at 3.) The Court entered judgment on March 9, 2016. (Doc. 227.) Sanders did not file a direct appeal, and the

---

[1] Unless otherwise noted, all docket references are to the criminal case, 13-cr-3696.

Judgment became final on March 24, 2016, following the expiration of the 14-day appeal period. *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final when the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal must be filed within 14 days after the entry of criminal judgment).

About a month later, on May 20, 2016, Sanders filed her first 28 U.S.C. § 2255 proceeding. (Docs. 227; 250.) She alleged her plea was the "product of coercion" because counsel failed to explain the sentencing guidelines and led her to believe that she would only serve a few years. (Doc. 250 at 6, 20.) She also argued counsel failed to request a minor-role adjustment; file a direct appeal; or investigate whether her prior convictions qualified as controlled-substance violations for purposes of any career-offender enhancement. (*Id.* at 7, 8, 25.) United States Magistrate Judge Laura Fashing recommended all claims be dismissed because Sanders waived her right to collaterally attack the sentence. (Doc. 270.) The Court adopted the ruling on June 21, 2017 (the "Habeas Judgment"), and the Tenth Circuit affirmed. (Docs. 280; 281; 289.) Sanders filed several certiorari petitions with the United States Supreme Court (USSC); the USSC denied the last petition on April 16, 2018. (Doc. 303.)

Sanders filed the instant Motion to Reconsider on July 22, 2019. (Doc. 367). She appears to seek reconsideration of the Habeas Judgment under Fed. R. Civ. P. 60(b) based on a new Supreme Court case, *Garza v. Idaho*, 139 S. Ct. 738 (2019).

## II.   DISCUSSION

Rule 60(b) relief is available in habeas proceedings, but it "cannot be used to circumvent restraints on successive habeas petitions." *Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir. 1998). When a Rule 60(b) motion follows a habeas ruling, courts scrutinize whether the requested relief

2

is tantamount to a second or successive petition. *See United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) ("It is the relief sought, not his pleading's title, that determines whether the pleading is a" successive habeas petition). A motion is successive "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). "Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, . . . or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215–16.

Sanders's Motion to Reconsider clearly asserts a federal basis for relief (*i.e.*, a new Supreme Court case) from her underlying conviction. She asks the Court to "reconsider the denial of her [prior §] 2255 [petition] in light of the *Garza* [*v. Idaho,* 139 S. Ct. 738 (2019)] decision." (Doc. 367 at 5.) The Motion to Reconsider therefore qualifies as a second habeas petition.[2]

"A district court does not have jurisdiction to address the merits of a second or successive . . . § [habeas] claim until [the Tenth Circuit] has granted . . . authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). When the motion is filed without authorization, the Court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so under § 1631,

---

[2] To the extent the Motion to Reconsider could also be construed to raise any true Rule 60(b) arguments, the Court finds no relief is warranted. Where, as here, the Rule 60(b) motion is filed more than one year after the challenged ruling, relief is only available where the judgment is void; has been vacated or discharged; or "offends justice" in some extraordinary way. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289, 1293 (10th Cir. 2005); *see also* Fed. R. Civ. P. 60 (b)(4–6), (c)(1). None of these circumstances apply in this case.

or it may dismiss the motion or petition for lack of jurisdiction." *Id.* at 1252. Factors to consider in evaluating whether a transfer is in the interest of justice include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. In this case, habeas claims would ordinarily be time-barred if filed anew; Sanders's criminal judgment became final on March 24, 2016, and she filed the Motion to Reconsider more than one year later, on July 22, 2019. *See* 28 U.S.C. § 2255(f). To be meritorious—and obtain the benefit of a new limitations period—her claims must be based on a new rule of constitutional law, made retroactive to cases on collateral review, or newly discovered evidence establishing innocence. 28 U.S.C. § 2244(b)(2).

Sanders argues *Garza* provides a new basis for analyzing whether the plea waiver barred her ineffective-assistance claims. *Garza* held that an attorney provides ineffective assistance by failing to file a notice of appeal upon request, even if that client has signed an appeal waiver. 139 S. Ct. at 747. However, *Garza* cannot form the basis for § 2255 relief because courts have uniformly held that it does not represent a new law that is retroactively applicable on collateral review. *See Macklin v. Dowling*, No. CIV-19-374-C, 2019 WL 4727070, at *3 (W.D. Okla. Aug. 30, 2019) ("*Garza* does not recognize a new constitutional right"); *see also Thieme v. United States*, Civ. No. 19-15507 (SDW), 2020 WL 1441654, at *3 (D.N.J. Mar. 24, 2020); *Espinal v. United States*, 08-cr-242 (ARR), 2020 WL 264918, at *2 (E.D.N.Y. Jan. 17, 2020); *United States v. Price*, 2:08-cr-00312, 2020 WL 516357, at *3 n.1 (W.D. Pa. Jan. 23, 2020); *United States v. Perez*, C.R. No. 11-198-WES, 2020 WL 1676941, at *3 (D.R.I. Apr. 6, 2020); *United States v. McGee*, Cr. No. 5:16-095-DCR, 2019 WL 4248887, at *2 (E.D. Ky. Sept. 6, 2019); *United States*

4

*v. Gibson*, Cr. No. 16-00746 HNS (06), 2019 WL 5213838, at *3 (D. Haw. Oct. 16, 2019); *Moreno v. United States*, 19 C 6752, 2020 WL 291392, at *2 (N.D. Ill. Jan. 21, 2020); *In re Sanchez*, No. 19-11288-B 13242, 2019 U.S. App. LEXIS, at *4, (11th Cir. May 1, 2019) ("[*Garza*] did not announce a new rule of constitutional law, as it simply extended [a prior] holding to cases in which the defendant has executed an appeal waiver.")

For these reasons, Sanders's successive § 2255 claim likely lacks merit. The Court declines to transfer the Motion to Reconsider to the Tenth Circuit and will instead dismiss this matter for lack of jurisdiction. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as this Order is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment . . . debatable or wrong").

**IT IS ORDERED** that Jennifer Sanders's Motion to Reconsider Denial of 28 U.S.C. § 2255 Relief (CR Doc. 367; CV Doc. 1) is **DISMISSED** without prejudice for lack of jurisdiction; a certificate of appealability is denied; and a separate judgment will be entered closing the civil case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE