IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.    No. CR 13-3696 RB

JENNIFER SANDERS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Ms. Sanders's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) Based on Extraordinary and Compelling Circumstances (Doc. 410) and the Supplemental Briefing and Emergency Motion for Hearing and Release Under the First Step Act and Compassionate Release (Doc. 421). Having reviewed the motion, the record, and the applicable law, the Court finds the motion for release (Doc. 410) is well-taken and should be **granted** and the supplemental motion (Doc. 421) **denied as moot**.

**I.     Background**

On July 18, 2014, Sanders pled guilty to a superseding indictment charging one count of conspiracy to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C. § 846, and seven counts of distribution of methamphetamine and aiding and abetting, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B). (*See* Docs. 49; 102.) The Court sentenced Sanders to 130 months imprisonment. (Doc. 227) She has served approximately 96 months or 74% of that sentence, and her projected release date is January 18, 2023. (Doc. 410 at 2.) *See also* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Feb. 27, 2022). At the time she filed her original motion, Sanders was under the impression that considering credits she has accrued under 18 U.S.C. § 3624(b), "her release date into a residential reentry center is calculated to be on July

18, 2022." (Doc. 410 at 2.) She has since been released to a residential reentry center but contends that her motion for compassionate release is still ripe. (*See* Doc. 422 at 1.)

II.     **Discussion**

Sanders seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (*See* Doc. 41.) Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Sanders filed two requests with the warden of Bryan FPC in 2020. (See Doc. 410-1.) The warden did not deny the requests until June 16, 2021. (*See id.* at 1.) The Government stipulates that Sanders has exhausted her administrative remedies for purposes of this Opinion. (*See* Doc. 415 at 2–3.)

A.      **Sanders has shown extraordinary and compelling circumstances.**

Sanders moves for compassionate release pursuant to Section 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." The Application Notes of the U.S. Sentencing Guidelines § 1B1.13 provide that "extraordinary and compelling reasons exist" in relevant part where: "The defendant is (I) suffering from a serious physical or medical condition . . . that substantially diminishes [her] ability . . . to provide self-care within the environment of a correctional facility and from which . . . she is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13

app. § (1)(A)(ii)(I). Sanders cites a number of serious health conditions that she asserts put her at risk for severe illness from COVID-19. (Doc. 410 at 12.) The Court agrees that Sanders suffers from medical conditions that put her at a higher risk for severe illness in the face of COVID-19. She has been diagnosed with COPD, asthma, and a history of high blood pressure. (*See id.*; *see also* Doc. 416-B at 1, 111.) *See also* People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Feb. 25, 2022). The Government does not dispute that Sanders suffers from these conditions and acknowledges "that an inmate who has not been offered a vaccine" and who has certain medical conditions may present extraordinary and compelling circumstances for compassionate release. (See Doc. 415 at 10.) It argues that release is not warranted, however, because Sanders has been vaccinated for COVID-19.[1] (*See id.* at 12 (citing Doc. 416-C).)

Sanders goes on to argue that other extraordinary circumstances are at play. First, "the prison's response to COVID-19 has prevented [her] from receiving critical treatment for her slew of deteriorating conditions." (Doc. 410 at 15.) She "has been denied her much-needed back surgery for her scoliosis, monthly injections for her heel spurs, eye treatment for her poor vision, lower dentures, and a uterine sling for complications from her hysterectomy." (*Id.* at 13 (citing Doc. 411).) The Government fails to respond to this statement. (*See* Doc. 415.) Further, Sanders contends that since filing her motion, circumstances have occurred that emphasize the appropriateness of release.

She asserts that on January 26, 2022, she "was informed that she would be released" pursuant to a new BOP rule implemented under the First Step Act, 18 U.S.C. § 3632(d)(4). (Doc. 421 at 3.) The rule provides "that nonviolent inmates who participated in Evidence-Based

---

[1] Sanders notes that she has not been offered a booster shot. (Doc. 410 at 13.)

Recidivism Reduction Programs ('EBRR') or Productive Activities ('PAs') on or after December 21, 2018, would earn ten days of FSA Time Credits 'for every thirty-day period [of participation] . . . based on the inmate's risk and needs assessment.'" (*Id.* at 1 (quoting 28 C.F.R. § 523.42(c)(1)).) Inmates "'determined by the Bureau to be at a minimum or low risk for recidivating; and . . . [have] maintained a consistent minimum or low risk of recidivism over the most recent two consecutive risk and needs assessments . . .' would 'earn an additional five days of FSA Time Credits." (*Id.* (quoting § 523.42(c)(2)).) Sanders was to be released pursuant to the new rule. (*See id.* at 3.) "She packed her most vital belongings[,] . . . including her birth certificate, expired driver's license, medications, glasses, legal papers, and a debit card that she had diligently saved $2,300 with while she was serving her sentence." (*Id.* at 3–4.) She boarded a bus with other inmates, disembarked in Las Cruces, and prepared to greet the friend who had come to collect her. (*Id.* at 4.) As she was in line with the other inmates waiting to retrieve her belongings from under the bus, a United States Marshal approached Sanders and told her that she needed to go with the Marshal. (*Id.*) Sanders was prohibited from retrieving her bag from the bus or releasing it to her waiting friend. (*Id.*) The Marshal took Sanders to the Otero County Detention Center and "explained that the Bureau of Prisons had made a mistake about her release, and she would be transported back to prison." (*Id.*) Sanders has no other information and her belongings have not been located. Consequently, "she has been unable to see without her glasses, eat without her dentures, take the medications necessary for her fragile health condition, contract her family and friends, work with her counsel to assist in representing her, and been deprived of $2,300." (*Id.*) The Government has not responded to Sanders's supplemental motion. Sanders has since been released to a residentiary reentry center but argues that her motion for compassionate release is still ripe and meritorious. (Doc. 422 at 2

(citing *United States v. Gibson*, No. 18-20091-JAR-4, 2021 WL 5578553 (D. Kan. Nov. 30, 2021) (granting compassionate release to an inmate at a residential reentry facility).)

In light of Sanders's health conditions, the lack of treatment afforded her, and the senseless deprivation of certain medical aides, the Court finds that Sanders has established that extraordinary and compelling circumstances warrant her release.

**B.     Other considerations weigh in favor of a sentence reduction.**

In addition to finding that an extraordinary and compelling reason exists for a sentence reduction, § 1B1.13 directs courts to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2). The Government summarily states that the § 3553(a) factors counsel against release. (*See* Doc. 415 at 19.) The Court disagrees. Sanders has shown that the time she has served as adequate punishment and deterrence. The Court also notes that Sanders has no disciplinary history and "has consistently scored as low or 'minimum' risk since at least December 31, 2019." (Doc. 410 at 3, 17 (citing Doc. 410-3).) Sanders has completed the 500-hour Residential Drug Abuse Program and mentored other inmates in the Resolve program. (*Id.* at 17.) She has also helped 45 inmates obtain GEDs. (*Id.* (citing Doc. 410-3).)

Sanders avers that she will live with her elderly grandfather in Las Cruces, New Mexico, upon release. (Doc. 410-2 at 1.) She has also spoken to a former employer who is willing to hire her when she is released. (*Id.* at 2.) The United States Probation Office has verified Sanders's proposed release plan and found that "the home is suitable for supervision purposes." (Doc. 423.)

Upon review of the relevant factors and considering the fact that Sanders has served a large majority of her sentence, the Court finds that the sentence she has served thus far is adequate under

§ 3553(a). Accordingly, the Court will grant her motion and reduce her sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A).

**THEREFORE,**

**IT IS ORDERED** that Sanders's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) Based on Extraordinary and Compelling Circumstances (Doc. 410) is **GRANTED** and the Supplemental Briefing and Emergency Motion for Hearing and Release Under the First Step Act and Compassionate Release (Doc. 421) is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that the Government shall investigate and report back to the Court to explain the circumstances of Sanders's reincarceration. The Government's filing shall account for Sanders's belongings. The filing is due no later than **April 1, 2022.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE